**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| CLINTON RONGEY, | ) | |
| | ) | |
| Movant, | ) | |
| v. | ) | No. 1:26-cv-00171-SEP |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

Before the Court is self-represented Movant Clinton Rongey's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, Doc. [1]. Movant is challenging his criminal conviction for production of child pornography on the grounds of ineffective assistance of counsel. *See United States v. Rongey*, No. 1:24-cr-00062-SEP (E.D. Mo.). On July 25, 2025, Movant appealed his conviction to the Eighth Circuit Court of Appeals. *See United States v. Rongey*, No. 25-2673 (8th Cir. Jul. 25, 2025). That appeal is still pending.

"Ordinarily resort cannot be had to 28 U.S.C. § 2255 or habeas corpus while an appeal from conviction is pending." *Masters v. Eide*, 353 F.2d 517, 518 (8th Cir. 1965). A court may make an exception for "extraordinary circumstances," Adv. Comm. Notes to Rule 5 of the Rules Governing § 2255 Proceedings, "balancing . . . the need for speedy relief against the need for conservation of judicial resources," *United States v. Davis*, 604 F.2d 474, 485 (7th Cir. 1979). Movant does not claim to need speedy relief. He states only that he "prefer[s] [his ineffective assistance of counsel claims] to be heard in collateral proceedings." Doc. [1] at 4. Because Movant has not shown any need for speedy relief, his habeas motion is dismissed without prejudice pending the resolution of the appellate proceedings.

Accordingly,

**IT IS HEREBY ORDERED** that Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, Doc. [1], is **DISMISSED** without prejudice.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 19th day of August, 2026.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE